**Semnar & Hartman, LLP**
Babak Semnar, Esq. (SBN 224890)
Jared M. Hartman (SBN 254860)
41707 Winchester Road, Suite 201
Temecula, CA 92590
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for PLAINTIFF, ELIZABETH KELISH

# U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH KELISH, an individual,<br><br>PLAINTIFF,<br><br>v.<br><br>CMRE FINANCIAL SERVICES, INC.; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.;**<br>2. **TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b);**<br>3. **STATE OF CALIFORNIA ROSENTHAL ACT, CALIF. CIV. CODE § 1788, et seq.** |

PLAINTIFF, ELIZABETH KELISH, an Individual, by and through her attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1. PLAINTIFF, by and through his attorneys of record, bring this action to secure redress from unlawful debt collection practices engaged in by Defendant CMRE FINANCIAL SERVICES, INC. (hereinafter "CMRE") in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. 227 (hereinafter "TCPA"), the State of

California Rosenthal Act, California Civil Code § 1788-1788.32 (hereinafter "Rosenthal" or "Rosenthal Act").

2. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. In California Civil Code § 1785.1(a)-(g), the California Legislature made the following findings and purpose in creating the CCCRAA:

> (a) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, and general reputation of consumers.
>
> (b) Consumer credit reporting agencies have assumed a vital role in

assembling and evaluating consumer credit and other information on consumers.

(c) There is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(d) It is the purpose of this title to require that consumer credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, hiring of a dwelling unit, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.

(e) The Legislature hereby intends to regulate consumer credit reporting agencies pursuant to this title in a manner which will best protect the interests of the people of the State of California.

(f) The extension of credit is a privilege and not a right. Nothing in this title shall preclude a creditor from denying credit to any applicant providing such denial is based on factors not inconsistent with present law.

(g) Any clauses in contracts which prohibit any action required by this title are not in the public interest and shall be considered unenforceable. This shall not invalidate the other terms of such a contract.

4.  In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION AND VENUE

5. This action arises out of violations of the Federal FDCPA and the TCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p; and the U.S. District Court has supplemental jurisdiction over all remaining state law causes of action pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant CMRE conducts business within the County of Los Angeles, State of California, is physically located in the City of Los Angeles, State of California, personal jurisdiction is established.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) PLAINTIFF resides in the County of Riverside, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

8. PLAINTIFF is a natural person whose permanent residence is in the County of Riverside, State of California, and is therefore a "person" as that term is defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

9. PLAINTIFF, as a natural person allegedly obligated to pay a consumer debt to CMRE, alleged to have been due and owing, is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

10. As a partnership, corporation, limited liability company, or other similar

entity, CMRE is therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

11. CMRE was allegedly owed a monetary debt by PLAINTIFF, which makes CMRE a "creditor" under California Civil Code § 1788.2(i) of the Rosenthal Act.

12. CMRE alleged that PLAINTIFF owed them money that they were allegedly collecting for money arising out of medical services performed upon PLAINTIFF by Temecula Valley Hospital for treatment of injuries arising out of an emergency medical situation, without payment being required at the time of services being rendered, and PLAINTIFF is informed and believes that the money alleged to have been owed to CMRE originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and California Civil Code § 1788.2(d) of the Rosenthal Act.

13. CMRE was attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes due to medical services performed upon PLAINTIFF to treat injuries arising out of an industrial work-place accident without payment being required at the time of services, and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

14. Because PLAINTIFF, a natural person allegedly obligated to pay money to CMRE arising from a consumer credit transaction due to medical services performed upon PLAINTIFF without payment being required at the time of services, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

15. CMRE utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, is one who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the

meaning of 15 U.S.C. § 1692a(6) of the FDCPA and California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

16. Sometime in 2021, PLAINTIFF received emergency medical services from an emergency room within the City of Temecula (hereinafter, "EMERGENCY MEDICAL TREATMENT PROVIDER").

17. When PLAINTIFF received this emergency medical treatment, she provided her insurance information to the EMERGENCY MEDICAL TREATMENT PROVIDER so that all medical treatment would be billed to her insurance coverage provider.

18. Despite PLAINTIFF providing her insurance coverage information to the EMERGENCY MEDICAL TREATMENT PROVIDER for the emergency medical services, the EMERGENCY MEDICAL TREATMENT PROVIDER at some point thereafter began attempting to collect from PLAINTIFF directly by sending her bills for collection.

19. Because PLAINTIFF provided her insurance coverage information to the EMERGENCY MEDICAL TREATMENT PROVIDER for the emergency medical services, the provider's attempts to collect from PLAINTIFF directly amounts to prohibited "balance billing".

20. "Balance billing" occurs when emergency room doctors and health insurers disagree as to the appropriate charge for a patient's medical care, and "the emergency room doctors directly bill the *patient* for the difference between the bill submitted and the payment received" from the insurer. *Prospect Med. Grp. v. Northridge Emergency Med. Grp.* (2009) 45 Cal. 4th 497, 501 [emphasis in original].

21. In light of the Knox-Keene Act's "clear legislative policy not to place patients in the middle of billing disputes," California law makes clear that "[b]alance billing is not permitted." *Id.* at 507.

22. Nonetheless, PLAINTIFF was balance billed by the EMERGENCY MEDICAL TREATMENT PROVIDER, and instead of disputing that point through the appropriate channels, the EMERGENCY MEDICAL TREATMENT PROVIDER chose to bill PLAINTIFF directly.

23. PLAINTIFF disputed the medical provider's attempts to collect from her directly.

24. Upon information and belief, the file for PLAINTIFF'S allegedly outstanding debt contains information that shows PLAINTIFF has disputed the medical provider's attempts to collect from her directly.

25. Upon information and belief, CMRE possesses knowledge and information related to PLAINTIFF'S disputes with the EMERGENCY MEDICAL TREATMENT PROVIDER due to their prohibited efforts to "Balance Bill" PLAINTIFF directly.

26. By letter dated November 3, 2022, CMRE claimed that PLAINTIFF still owes both the alleged debt plus interest upon the original amount of the alleged debt and this letter informed PLAINTIFF the following: "We are trying to collect a debt that you owe to TEMECULA VALLEY EMERGENCY PHYSICIANS, INC. We will use any information you give us to help collect the debt."

27. This letter imposes direct liability upon CMRE for misrepresenting the status of the debt as being the individual liability of PLAINTIFF.

28. Furthermore, CMRE has placed telephone calls to PLAINTIFF'S personal cell phone by utilizing pre-recorded and/or artificial voice messages, and thereby left messages on PLAINTIFF'S cell phone claiming that they are attempting to collect a debt on behalf of the EMERGENCY MEDICAL TREATMENT PROVIDER.

29. CMRE'S letter and voicemails have caused PLAINTIFF to suffer distress, aggravation, loss of sense of privacy, and fear and confusion as to whether she was going to be subjected to more debt collection activity even though PLAINTIFF was supposed to have been insulated him from being individually responsible for the alleged debt due to the prohibition upon "balance billing".

30. Upon information and belief, CMRE and the EMERGENCY MEDICAL TREATMENT PROVIDER have conspired to create an end-run around the prohibition upon "balance billing" as a way of attempting to collect the full amount of the purported debt from PLAINTIFF without having to spend time and resources on participating in the insurance appeal process and thereby risk delaying payment and risk receiving a reduced payment.

31. As the calls placed by CMRE were for the purpose of debt collection, they were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32. Upon information and belief, per its business practices, each of CMRE'S calls were placed using artificial or prerecorded voice messages, as prohibited by 47 U.S.C. § 227(b)(1)(A).

33. Each individual phone call placed by CMRE has caused PLAINTIFF to feel as if she is actually not protected by California's "balance billing" laws and to feel as if her privacy had been violated, and to also feel shame, embarrassment, anxiety, fear, and feelings of despair.

34. As a result of CMRE'S unfair, oppressive, and abusive conduct in connection with their debt collection activity as explained above, including each voicemail received by PLAINTIFF and including each collection letter received by PLAINTIFF, PLAINTIFF has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over the fact that CMRE has continued their collection efforts from her directly despite the prohibition upon balance billing, which has now placed her in a position of distrust and feelings of despair over whether the California law actually provides her with the protections it is supposed to.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF FDCPA**

35. PLAINTIFF re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

8
COMPLAINT

36. By attempting to collect from PLAINTIFF directly for a debt that is prohibited from collection against her personally, CMRE has violated the FDCPA in numerous ways, including the following:

    a. 15 U.S.C. 1692e by using false, deceptive, and/or misleading representations as to PLAINTIFF's liability upon the debt;

    b. 15 U.S.C. 1692e(2)(A) for false representation of the character and/or legal status of the consumer debt; and,

    c. 15 U.S.C. 1692e(10) false representations and/or deceptive means in connection with the attempt to collect the consumer debt.

37. PLAINTIFF is informed and believes that all of the above violations were willful.

38. As a result, PLAINTIFF has suffered emotional distress and mental anguish as identified above.

## SECOND CAUSE OF ACTION
## NEGLIGENT AND WILLFUL VIOLATIONS OF TCPA

39. PLAINTIFF re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

40. By calling PLAINTIFF upon her personal wireless cellular telephone with pre-recorded/artificial voice messages after PLAINTIFF had revoked any consent for anyone to contact PLAINTIFF directly regarding the alleged debt, and this revocation of consent occurred prior to CMRE being retained by its principle and prior to CMRE placing any calls to PLAINTIFF directly, then CMRE did not have any prior express consent to place such calls to PLAINTIFF's cellular telephone.

41. The forgoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

42. Each violation was willful, as the account history shows that PLAINTIFF

disputed any liability upon the alleged debt and that there should not be any communications with PLAINTIFF directly, and therefore CMRE knew or should have known that it did not have any consent to place any calls or initiate any contact with PLAINTIFF directly in any manner, and therefore CMRE acted with reckless disregard of PLAINTIFF'S right to be free from such communications.

43. As a result of CMRE'S negligent violations of 47 U.S.C. § 227 *et seq.*, PLAINTIFF is entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B), jointly and severally as from both Defendants.

44. As a result of CMRE'S knowing and/or willful violations of 47 U.S.C. § 227 et seq., PLAINTIFF is entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), jointly and severally as from both Defendants.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF ROSENTHAL ACT

45. PLAINTIFF re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

46. Calif. Civ. Code § 1788.17 incorporates specific prohibitions as codified in the FDCPA and makes them direct violations of the Rosenthal Act, as this Section reads as follows:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

47. CMRE'S violations of the FDPCA described above in the First Cause of Action are incorporated herein by reference.

48. By violating the FDCPA as identified the First Cause of Action above, CMRE has also necessarily violated the Rosenthal Act multiple times via Calif. Civil Code § 1788.17.

49. PLAINTIFF is informed and believes that all of the above violations were willful.

50. As a result, PLAINTIFF has suffered emotional distress and mental anguish as identified above.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that judgment be entered against each and every Defendant, jointly and severally, and PLAINTIFF be awarded damages from Defendants as follows:

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages in the amount of $50,000.00, or as the jury may allow, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- As a result of negligent violations of 47 U.S.C. § 227(b)(1), PLAINTIFF seeks $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B);
- As a result of knowing and/or willful violations of 47 U.S.C. § 227(b)(1), PLAINTIFF seeks $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B);
- Injunctive relief prohibiting CMRE from engaging in such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of actual damages in the amount of $50,000.00, or as the jury may allow, pursuant to California Civil Code § 1788.30(a);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

Pursuant to the seventh amendment to the Constitution of the United States of America, PLAINTIFF is entitled to, and demands, a trial by jury.

Dated: November 16, 2022        Respectfully submitted,

                SEMNAR & HARTMAN, LLP

By: */s/ Jared M. Hartman*
Jared M. Hartman, Esq.
Attorneys for PLAINTIFF